UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT W. SHAFFER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-CV-231 |
| ) | (Phillips) |
| INTERBANK FX, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs have brought this action against defendants, alleging violation of the civil RICO statute, 18 U.S.C. § 1962(c); and violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.* Before the court is defendant Interbank's motion to transfer venue. For the reasons which follow, the motion will be granted, and this action transferred to the United States District Court for the District of Utah, pursuant to 28 U.S.C. § 1404(a).

## I. Parties' Positions

Defendant asserts that all plaintiffs who had accounts with Interbank signed forum selection clauses designating Utah as the mandatory forum to resolve any dispute relating to their accounts. Those plaintiffs without direct accounts with Interbank have alleged that they invested through another person's account containing the same forum selection clause; therefore, defendant asserts those plaintiffs are so closely related to the forum selection clause as to be bound by it. Defendant further asserts that there are no grounds plaintiffs have or can assert sufficient to meet the high burden required to invalidate the forum selection clause. Therefore, defendant moves the court to enforce the forum selection clause and transfer this matter to the United States District Court for the District of Utah.

Plaintiffs respond in opposition to the motion to transfer venue on the grounds that (1) the forum selection clause is not dispositive, and in light of the RICO venue provision set out in 18 U.S.C. § 1965 and 28 U.S.C. § 1404(a) considerations, should not be enforced, and (2) § 1404(a) considerations weight heavily in favor of keeping this action in this district where it was properly filed under 18 U.S.C. 1965 and 28 U.S.C. § 1391(a).

## II.  Analysis

Federal courts uniformly hold that forum selection clauses that have been freely bargained for are *prima facie* valid and enforceable.  *Diebold, Inc. v. Firstcard Financial Services, Inc.,* 104 F.Supp.2d 758, 763 (N.D.Ohio 2000) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991) (enforcing a non-negotiated forum selection clause between an individual and a corporation).  Forum selection clauses in contracts are generally accorded deference, absent fraud, undue influence, or overweening bargaining power.  *Union Planters Bank, N.A. v. EMC Mortgage Corp.,* 67 F.Supp.2d 915, 919 (W.D.Tenn. 1999).  In the Sixth Circuit, forum selection clauses are generally upheld unless they are unfair or unreasonable.  *Id.* (citing *Security Watch, Inc. v. Sentinel Systems, Inc.,* 176 F.3d 369, 374-75 (6th Cir. 1999)).

The Sixth Circuit uses the following test to determine whether a forum selection clause is unreasonable: (1) whether the clause was obtained by fraud, duress, abuse of economic power, or unconscionable means; (2) whether the designated forum would be closed to suit or would not effectively handle the suit, or (3) whether the designated forum would be so seriously inconvenient that to require plaintiff to bring suit there would effectively deprive him of his day in court.  *Id.*

If a party seeks to avoid a forum selection clause, he has the burden of showing that the clause is unreasonable.  *Carnival Cruise Lines,* 499 U.S. at 593-94.  In federal court, this is a particularly heavy burden of proof because forum selection clauses

-3-

are presumptively enforceable. *Id.* at 585. When a forum selection clause is deemed reasonable and as a result, venue is determined to be improper, a court may either dismiss the case or transfer it to any other district in which it could have been brought. 28 U.S.C. § 1406(a); *see also,* 15 Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* Jurisdiction 2d § 3827.

The complaint alleges that certain plaintiffs invested directly in foreign currency exchange by opening their own accounts with Interbank, and also that certain plaintiffs invested indirectly by giving money to defendant Rivas. Of the twelve plaintiffs, nine invested directly and opened their own accounts at Interbank. All of the direct plaintiffs filled out the same new account papers and agreed to the same forum selection clause contained in Paragraph 28 of the Trading Agreement Disclosure governing Interbank accounts as follows:

> In order to induce Interbank FX, LLC to accept this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Customer hereby agrees to the following: (a) any judicial or administrative action or proceeding, including but not limited to, arbitration conducted by a self-regulatory or other private organization (as provided for in the section "Arbitration Agreement" below) arising directly or indirectly hereunder or in connection with the transactions contemplated hereby, whether brought by Customer or Interbank FX, LLC, shall be held, in the sole and absolute discretion of Interbank FX, LLC, in Salt Lake City, Utah with Customer hereby consenting and submitting to, and waiving any and all objections Customer may have to, such jurisdiction and venue, and further agreeing to waive and forego any right Customer may have to transfer or change the venue of any action or proceeding encompassed hereby; and (b) Any local, state or federal court located in Salt Lake City,

> Utah, shall have jurisdiction in any action or proceeding arising directly or indirectly hereunder or in connection with the transactions contemplated hereby, whether brought by Customer or Interbank FX, LLC, with Customer hereby consenting to such jurisdiction.

Plaintiffs Bradley Farmer and William Brice Schweitzer are also listed as the primary account holders for an Interbank corporate account in the name of The FX Management Group, LLC, which account contains an identical forum selection clause. The remaining three plaintiffs, Robert Shaffer, Jeff Wallace, and Jerry Farmer, have never had accounts at Interbank. These plaintiffs put their money into defendant Rivas' Interbank account to be used by Rivas in investment transactions. Defendant Rivas' account agreement has the same mandatory forum selection clause as set forth above. The forum selection clause at issue in the instant case was agreed to by the parties; as a result, it is *prima facie* valid and enforceable.

In addition, each of plaintiffs' Interbank accounts is governed by Utah law, pursuant to a choice of law provision included in each account's Trading Agreement. Courts regularly find that this factor weighs in favor of transfer when a contract provides the designated forum's law to govern the contract. *See Carillo v. Tifco Indus. Inc.*, 2011 WL 4538079 at *4 (finding choice of law provision designating Texas as governing law weighed in favor of enforcing forum selection clause designating Southern District of Texas as forum).

Moreover, it is well settled that "unless there is a showing that the alleged fraud or misrepresentation induced the party opposing the forum selection clause to agree to inclusion of that clause in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Moses v. Business Card. Exp., Inc.,* 929 F.2d 1131, 1138 (6th Cir. 1991). In the instant case, plaintiffs offer no evidence that they were fraudulently induced to agree to the inclusion of the forum selection clause. By consenting to the forum selection clause, plaintiffs are deemed to have agreed that Utah is a convenient forum. *Carillo,* 2011 WL 4538079 at *4.

Plaintiffs argue that enforcement of the forum selection clause is unreasonable because litigation in Utah will be seriously inconvenient for the plaintiffs and their witnesses. Mere inconvenience or additional expense is not, however, the test for unreasonableness. Instead, plaintiffs must show that litigation in Utah "will be so gravely difficult and inconvenient that they will for all practical purposes be deprived of their day in court." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972). Plaintiffs assert that the forum selection clause at issue contemplated contract actions arising out of specific trading transactions; it did not contemplate the criminal and fraudulent activities encompassed by the RICO Act. However, plaintiffs' complaint focuses on defendant's actions in marketing, advertising, selling, and providing of the Forex trading platform. Those are the components of the contractual relationship between plaintiffs and Interbank. The Trading Agreement is a contract to provide a specific service, and plaintiffs are suing for Interbank's alleged conduct in the manner in which it provided that service.

-6-

Case 3:12-cv-00231   Document 13   Filed 01/03/13   Page 6 of 12   PageID #: 645

Plaintiffs' argument that the RICO venue provision weighs against transfer is not supported by applicable case law. The RICO venue provision states: "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). The statute does not preclude the parties from contractually selecting from among permissible forums. So long as the venue selection in a forum selection clause is a venue permissible under the RICO venue provision, there is no conflict between the forum selection clause and the RICO venue provision. Here, Utah is the designated forum, Utah is the district in which Interbank resides, is found, has an agent, and transacts its affairs. Therefore, there is no conflict and the RICO venue provision does not preclude enforcement of the forum selection clause in the Trading Agreement. Plaintiffs have not cited any authority, and the court has found none, stating that the venue provision found in 18 U.S.C. § 1965(a) outweighs a forum selection clause. In fact, the case cited by plaintiffs addressing the relationship between forum selection clauses and the RICO venue provision states there is no preference one way or another; thus, the RICO statute does not affect the analysis of the forum selection clause. *Snider v. Lone Star Art Trading Co. Inc.,* 672 F.Supp. 977, 981 (E.D.Mich. 1987) ("There is no evidence of a federal preference for or against the enforcement of a forum selection clause in those contracts which may have some connection to RICO actions"); *see also Della Pelle v. First Comm. Corp. of Boston*, 1987 WL 19936 at *1 (E.D.Pa, Nov. 13, 1987) (holding that RICO claims were subject to the forum selection clause contained in brokerage account agreement).

Next, plaintiffs' Tennessee Consumer Protection Act (TCPA) claims do not render Utah an improper forum. Plaintiffs' argument that the Tennessee Consumer Protection Act (TCPA) renders the venue clause void as a matter of public policy has been rejected by Chief Judge Curtis L. Collier of this court in *Wholesale Tape & Supply Co. V. iCode, Inc.,* 2005 WL 3535148 (E.D.Tenn. Dec 22, 2005). Judge Collier found that the provision in the TCPA voiding "any provision in any agreement or stipulation, verbal or written, restricting jurisdiction or venue to a forum outside this state or requiring the application of the laws of another state with respect to any claim arising under or relating to the Tennessee Consumer Protection Act" is preempted by the Federal Arbitration Act (FAA) to the extent it attempts to override the terms of otherwise valid private agreements to arbitrate. *Id.* Additionally, Tennessee courts have limited the scope of this section of the TCPA, finding it preempted by the FAA. Specifically, the Tennessee Supreme Court has noted, "the purpose of the FAA is "to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Frizzell Constr. Co. v. Gatlinburg, LLC*, 9 S.W.3d 79, 83-84 (Tenn. 1999).

Tennessee courts, including this court, regularly transfer TCPA claims to other venues pursuant to forum selection clauses. *See e.g., MDB, LLC v. BellSouth Adv. & Pub. Corp.,* 2007 WL 2782287 (E.D.Tenn. Sept. 21, 2007) (enforcing forum selection clause and transferring to the Northern District of Georgia a case containing TCPA claims); *Hassinger*, 2010 WL 2710779 (enforcing forum selection clause and transferring to the Western District of Texas a case containing TCPA claims); *Unique Shopping Network*,

2011 WL 2181959 (enforcing forum selection clause designating venue in New Jersey where plaintiff alleged TCPA violations). Accordingly, the court finds the venue provision in the parties' agreement is not void under Tennessee law.

Next, plaintiffs have not satisfied their burden to show that proceeding in Utah "would be so inconvenient such that its enforcement would be unjust or unreasonable." Plaintiffs admit that Interbank is headquartered in the designated venue of Utah. Courts have held that where the party seeking to enforce a forum selection clause is located in the venue provided for, the court will enforce the forum selection clause and not trade one party's inconvenience for the other's. *See Hospitality Design Consultants, Inc. v. Ventura Beach Ventures LLC,* 2007 WL 2412843 at *1 (S.D.Fla. Aug. 21, 2007) (enforcing forum selection clause and stating that it is presumed that parties anticipate the costs of potential litigation when agreeing to such clauses). In addition, defendant points out that plaintiffs' claims require evidence of trading records and advertisements, and all such records would be maintained and present at Interbank's Salt Lake City, Utah headquarters. The witnesses able to discuss these records are Interbank employees who work at Interbank's headquarters in Salt Lake City, Utah.

Moreover, mere inconvenience or additional expense is not the test for unreasonableness. Instead, plaintiffs must show that litigation in Utah "will be so gravely difficult and inconvenient that they will for all practical purposes be deprived of their day in court." *Hassinger*, 2010 WL 2710779 at *3 *quoting Bremen.*, 407 U.S. at 18. Plaintiffs

have provided absolutely no evidence that they will be unable to proceed with their RICO and TCPA claims in a Utah forum, nor have they shown that they will be denied any remedies in Utah that would otherwise be available to them in Tennessee. *See e.g., Boulware v. Baldwin*, 2012 WL 1412698 (D.Utah Apr. 23, 2012) (addressing RICO claim).

Plaintiffs argue that the forum selection clause appeared inconspicuously on the 11th page of a 23-page online individual account application, and there is no evidence that this provision was the result of specific bargaining between the parties. Federal courts, including the Supreme Court and this court, have rejected the argument that a forum selection clause should be set aside because it is in a consumer contract. *See e.g., Sneed v. Wellmark Blue Cross and Blue Shield of Iowa,* 2008 WL 1929985 at *3 (E.D.Tenn. Apr. 30, 2008) *citing Carnival Cruise Lines Inc. v. Shute,* 499 U.S. 585, 593 (1991) (enforcing a forum selection clause that was "one sentence out of a 46 page single spaced benefits certificate"); *MDB LLC v. BellSouth Adv. & Publ. Corp.*, 2007 WL 2782287 at *3-4 (E.D.Tenn. Sep. 21, 2007) (enforcing forum selection clause "even though the party did not read the contract terms, sign any documents explicitly containing the contract terms, or know about the contract terms at the time the party entered into the agreement").

Here, the forum selection clause is contained in a separate section of the Trading Agreement, titled in capital letters "CONSENT TO JURISDICTION AND VENUE." It is difficult to see why any such claim of inconvenience should now be heard to render the forum clause unenforceable. Even if traveling were a serious inconvenience, the existence

-10-

of the forum selection clause demonstrates that the parties clearly contemplated this expense when they entered into the agreement. The terms of the agreement suggest that the parties intended to shift the burden of travel onto plaintiffs. The forum designated by the agreement is conclusive of the interests of convenience and just as between the parties to this case; as a result, enforcing the forum selection clause will protect the legitimate expectations of the parties. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988). Because plaintiffs have not met the burden of proof required to set aside the clause on grounds of inconvenience, the court finds the forum selection clause enforceable.

As for plaintiffs Shaffer, Wallace and Farmer, there is no reason they could not bring their claims in the Utah District Court. Other courts have enforced a contractual forum selection clause against non-signatories to the contract, so long as those parties were "closely related" to the dispute and it was "foreseeable" they might be bound. *Baker v. Leboeuf, Lamb, Leiby & Macrae LLP,* 105 F.3d 1102, 1106 (6th Cir. 1997); *see also Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) ("to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound"). Here, these plaintiffs allege losses that arise solely from purported foreign currency trading that took place in one or more accounts that are subject to the forum selection clause. The court finds that by voluntarily placing their funds into defendant Rivas' account, plaintiffs Shaffer, Wallace and Farmer are "closely related" to the forum selection clause governing that account and are bound by it. These

-11-

Case 3:12-cv-00231   Document 13   Filed 01/03/13   Page 11 of 12   PageID #: 650

plaintiffs' claims are thus intertwined with the underlying agreement on Rivas' account. *See Hassinger Corp. v. Activant Solutions Inc.,* 2010 WL 2710779 at *4 (E.D.Tenn. Jul. 7, 2010) (enforcing contractual forum selection clause against non-party to the contract). Therefore, the court finds that plaintiffs' Shaffer, Wallace and Farmer are bound by the venue provision contained in defendant Rivas' agreement.

### III.  Conclusion

For the reasons set forth above, the motion to transfer venue filed by defendant Interbank FX [Doc. 6] is **GRANTED,** and this action is **TRANSFERRED** to the United States Court for the District of Utah.

**IT IS SO ORDERED.**

**ENTER:**

  s/ Thomas W. Phillips  
United States District Judge

-12-

Case 3:12-cv-00231   Document 13   Filed 01/03/13   Page 12 of 12   PageID #: 651